UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Lamont Rider,<br><br>             Plaintiff,<br><br>v.<br><br>Palmetto Publishing,<br><br>             Defendant. | C/A No. 2:24-cv-06897-RMG-MHC<br><br>**REPORT AND RECOMMENDATION** |

This is civil action filed by Plaintiff Lamont Desmond Rider, a pro se litigant proceeding *in forma pauperis*. Under 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge.

By Orders dated January 28 and March 4, 2025. Plaintiff was given a specific time frame in which to bring this case into proper form. Plaintiff has complied with the Court's Orders, and this case is now in proper form. Plaintiff filed an Amended Complaint on February 11, 2025. ECF No. 14.

## I.     BACKGROUND

In his Amended Complaint, Plaintiff brings claims against Defendant Palmetto Publishing. His entire statement of claim is that:

> On 4/16/24, I self-distributed a manuscript, backed by Palmetto Publishing, which made its revenue in the highest form from 4/16 on to 7/30. They omitted payment in that time period which was indicated on a email sent by their representative. I have been cheated out of what I worked for. The 14th Amendment supports due process of labor, in conjunction with the constitution.

ECF No. 14 at 4 (errors in original). Plaintiff requests compensatory and punitive damages. *Id.*

## II.     STANDARD OF REVIEW

This case is before the Court for pre-service review. *See* 28 U.S.C. § 1915(e)(2)(B); *In re Prison Litigation Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997) (pleadings by non-prisoners should also be screened). Under established local procedure in this judicial district, a careful review has been made of the pro se Amended Complaint herein pursuant to the procedural provisions of § 1915, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

Section 1915 permits an indigent litigant to commence an action in federal court without paying the administrative costs of proceeding with the lawsuit. However, to protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed sua sponte. *Neitzke v. Williams*, 490 U.S. at 327.

This Court is required to liberally construe pro se complaints, which are held to a less stringent standard than those drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016). Nonetheless, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*,

2

901 F.2d 387 (4th Cir. 1990); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

### III. DISCUSSION

It is recommended that this action be summarily dismissed for the reasons discussed below.

A.    Lack of Jurisdiction

Federal courts are courts of limited jurisdiction, *see Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994), and a district court is charged with ensuring that all cases before it are properly subject to such jurisdiction. *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). The Amended Complaint filed in this case is subject to summary dismissal without service of process because it fails to state a claim which this Court may consider under its federal question jurisdiction, *see* 28 U.S.C. § 1331, or its diversity jurisdiction, *see* 28 U.S.C. § 1332.

In his Amended Complaint, Plaintiff checked a box indicating that his basis for federal court jurisdiction is diversity of citizenship.[1] ECF No. 14 at 3. A district court may have jurisdiction of a civil action "where the matter in controversy exceeds the sum or value of $75,000...and is between – (1) citizens of different States...." 28 U.S.C. § 1332. Plaintiff appears to assert complete diversity of the parties because he states that he is a citizen of Arizona and Defendant Palmetto Publishing is incorporated in South Carolina and has its principal place of business in South Carolina. However, Plaintiff has not alleged any facts to indicate that he satisfies the amount in controversy requirement of 28 U.S.C. § 1332(a). He merely asserts that the amount at stake is more than $75,000 because "of the potential sales of his project." ECF No. 14 at 4. Review of the Amended Complaint indicates that no facts are asserted to indicate that there is more than $75,000 at issue.

---

[1] Plaintiff did not check the box for federal question jurisdiction.

3

B..     Failure to State a Claim

Even if Plaintiff could establish federal court jurisdiction, this case should be dismissed because Plaintiff fails to state a claim. He appears to allege that Defendant violated his Fourteenth Amendment rights. He also uses the term "due process." [2] It appears that Plaintiff is attempting to allege that Defendant violated his federal constitutional rights.

To state a constitutional claim pursuant to § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Although Plaintiff mentions the Fourteenth Amendment, he has alleged no facts to indicate that Defendant violated his Fourteenth Amendment or other federal constitutional right. Nor has Plaintiff alleged facts to indicate that Defendant, which appears to be a private corporation, is a state actor subject to suit under § 1983. To qualify as state action, the conduct in question "must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible," and "the party charged with the [conduct] must be a person who may fairly be said to be a state actor." *Lugar v Edmondson Oil Co., Inc.*, 457 U.S. 922, 937 (1982); *see U. S. v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen and Helpers of Am., AFL-CIO*, 941 F.2d 1292 (2d Cir. 1991). Although a private individual or corporation can act under color of state law, his, her, or its actions must occur where the private individual or entity is "a willful participant in joint action with the State or its agents." *Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980).

---

[2] A claim that provisions of the United States Constitution have been violated can be the basis for federal question jurisdiction under 28 U.S.C. § 1331. However, as discussed below, Plaintiff fails to state such a claim.

## IV.     RECOMMENDATION

Based on the foregoing, it is recommended that this action be dismissed without prejudice, without issuance and service of process, and without further leave to amend.[3]

**Plaintiff's attention is directed to the important notice on the following page.**

Molly H. Cherry
United States Magistrate Judge

May 8, 2025
Charleston, South Carolina

---

[3] Any attempt to cure the deficiencies would be futile for the reasons stated herein. Accordingly, the District Court should dismiss this action without affording Plaintiff an opportunity to amend his Amended Complaint. *See Workman v. Kernell*, C/A No. 6:18-cv-00355-RBHKFM, 2018 WL 4826535, at *2 n.7 (D.S.C. Oct. 2, 2018) (declining to grant an opportunity to amend where amendment would be futile); *see also Britt v. DeJoy*, 45 F.4th 790, 796 (4th Cir. 2022) (holding that "when a district court dismisses a complaint or all claims without providing leave to amend ... the order dismissing the complaint is final and appealable").

5

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).